UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

STEVEN A. PETERKIN,                                    :
                                                       :
                              Plaintiff,               :
                                                       :        REPORT &
            -against-                                  :        RECOMMENDATION
                                                       :
FEDEX FREIGHT, INC., FEDEX FREIGHT                     :        No. 20-CV-04439-EK-JRC
CORPORATION, and KEVIN ROIG,                           :
                                                       :
                              Defendants.              :
                                                       :
-------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

## Introduction

Defendants FedEx Freight, Inc.[1] ("Freight") and Kevin Roig ("Roig") (collectively,

"defendants") removed this action from New York Supreme Court, Kings County, to this Court

on September 21, 2020. *See* Not. of Removal ¶ 1, Dkt. 1. On November 11, 2020, plaintiff

Steven A. Peterkin ("plaintiff") moved for remand. *See* Remand Mot. ("Remand Mot."), Dkt.

14. Currently pending before this Court, on a referral from the Honorable Eric R. Komitee, is

plaintiff's motion for remand. *See* Order Referring Motion (Apr. 20, 2020). The primary issue

before this Court is whether defendants timely removed this action. For the reasons described

below, this Court finds removal timely, and recommends that plaintiff's motion for remand be

denied.

---

[1] According to defendants, plaintiff incorrectly sued "FedEx Freight Corporation" without any
further explanation. *See* Mem. of Law in Opp. to Pl.'s Application to Remand ("Defs. Opp.") at
3, Dkt. 15. The Court need not address the identity of the proper corporate defendants for
purposes of resolving the instant motion.

**Background**

On May 26, 2020, plaintiff commenced this action in Kings County Supreme Court for injuries sustained as a result of a motor vehicle collision in New York.  *See* Not. of Removal Ex. A, Dkt. 1-3; Remand Mot. ¶ 4.  Plaintiff claims that defendant Roig, driving a vehicle owned by defendant Freight, struck plaintiff's vehicle, injuring plaintiff and damaging his vehicle.  *See* Remand Mot. ¶ 4.

On August 5, 2020, plaintiff served copies of the Summons and Verified Complaint on the New York Department of State for defendants Roig and Freight.  *See* Not. of Removal ¶ 3. On August 10, 2020, plaintiff mailed a copy of the Summons and Verified Complaint to FedEx Freight Corporation and defendant Roig's last known address.  *See id*.  On August 13, 2020, plaintiff filed an affidavit of mailing.  *See* Not. of Removal, Ex. B. Dkt. 1-4.  On August 18, 2020, defendant Roig received the Summons and Verified Complaint.  *See* Mem. of Law in Supp. of Pl.'s Reply Affirmation ("Pl. Reply") at 5, Dkt. 16.

On September 10, 2020, plaintiff and defendants FedEx Freight Inc., Freight Corporation, and Roig, entered into a Stipulation (hereafter, "September 10 Stipulation") whereby defendants agreed to "waive jurisdictional defenses" -- namely, not to contest personal jurisdiction despite the improper service upon defendant Roig -- and to respond to the complaint by October 14, 2020.  *See* Not. of Removal ¶ 5 and Ex. C (Dkt. 1-5).

Eleven days later, on September 21, 2020, defendants removed the action to this Court, invoking federal diversity jurisdiction.  *See* Not. of Removal ¶ 12.  In the Notice of Removal, defendants stated that removal was timely under 28 U.S.C. §§ 1446(b)(3) and 1446(c)(1) because they had removed this action within the 30-day removal deadline after they agreed in the September 10 Stipulation to waive service on behalf of defendants, namely defendant Roig.  *See*

Not. of Removal ¶¶ 5, 14.  Defendants claimed that plaintiff improperly served defendant Roig

under CPLR § 308 because Roig had not been personally served, and never designated the

Department of State as his agent for service of process.  *See id*. ¶ 4.  Defendants further stated

that their decision to waive jurisdictional defenses -- specifically, challenges to improper service

on defendant Roig -- by stipulation on September 10, triggered the 30-day deadline for removal.

*See id.* ¶¶ 4-5.  Defendants posit that removal was timely because they removed this action 11

days after waiving service on behalf of defendant Roig, and within the 30-day removal deadline.

*See id*. ¶¶ 4-5.  The parties do not raise any service issues in connection with the corporate

defendant.

On November 11, 2020, plaintiff moved for remand.  *See* Remand Mot.  In support of

remand, plaintiff advances three arguments.  First, plaintiff claims defendants cannot reset the

removal deadline based on allegations of improper service because defendants had agreed in the

September 10 Stipulation to waive jurisdictional defenses (*i.e.*, claims of improper service).  *See*

Remand Mot. ¶¶ 6-7.  Second, even assuming defendants had not agreed to waive jurisdictional

defenses, plaintiff claims he properly served defendant Roig pursuant to section 253 of the New

York Vehicle and Traffic Law ("VTL § 253").  *See id*. ¶¶ 8-10.  Third, plaintiff argues that

defendants untimely removed this action on September 21, 2020, more than 30 days after

plaintiff had previously served the Secretary of State on August 5, 2020, mailed defendant Roig

a copy of the summons and complaint on August 10, 2020, and after defendant Roig has received

the summons and complaint on August 18, 2020.  *See id*. ¶¶ 11-12.  Plaintiff does not specify

whether the 30-day period for removal commenced on the date he served the Secretary of State

(August 5, 2020) or mailed the summons and complaint to defendant Roig (August 10, 2020).

*See id.* ¶ 9.

On December 16, 2020, defendants filed their opposition to plaintiff's remand motion. *See* Defs. Opp.  In their opposition, defendants acknowledge that VTL § 253, not CPLR § 308 (as incorrectly referenced in their Notice of Removal), governed plaintiff's service obligations. *See id*. at 4-5.  Even under VTL § 253, defendants argue, plaintiff improperly served defendant Roig by failing to file on the docket "papers indicating the mailing to the party were either received, returned or refused."  *Id*. at 4-5.  In light of the defective service on defendant Roig, defendants state they agreed to waive service on behalf of defendant Roig as memorialized in the parties' September 10 Stipulation.  According to defendants, the parties' decision to waive service on defendant Roig on September 10, 2020, triggered the 30-day deadline for removal and that they timely removed on September 21, 2020 -- 11 days later.  *See id*. at 5-7.  Defendants further argue that, in the September 10 Stipulation, they "did not waive the right to subject matter jurisdiction in this Court or the right to remove this action," but only agreed not to challenge personal jurisdiction based on improper service on defendant Roig.  *See id*. at 7.

On December 28, 2020, plaintiff filed a reply brief in support of remand.  *See* Pl. Reply.  Plaintiff argues that his failure to file proof of receipt as required by VTL § 253 was merely a "procedural irregularity" -- as opposed to a "jurisdictional defect" -- and this deficiency does not invalidate service on defendant Roig.  *See id*. at 3-4.  Plaintiff argues that he should be permitted to cure this defect in state court.  *See id*. at 4-5.  Regardless of any alleged procedural irregularity, plaintiff argues for the first time that he properly served defendant Roig with the summons and complaint on *August 18, 2020* -- when defendant Roig *received* the summons and complaint.  According to plaintiff, defendants untimely removed this action 34 days later.  *See id*. at 5.

**Discussion**

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Federal district courts have original jurisdiction between citizens of different states if the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  If a case is improperly removed to federal court, a plaintiff may move under 28 U.S.C. § 1447 to remand the case back to state court.  *See Samanich v. Facebook*, No. 20-CV-04058-KAM-LB, 2021 WL 2856634, at *3 (E.D.N.Y. July 8, 2021).  "A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction."  *Id*.  "Any doubts as to removability must be resolved against removal."  *Id.*

The parties do not dispute that diversity jurisdiction is proper.  Plaintiff is a resident of New York.  *See* Not. of Removal ¶ 6.  Defendant Roig is a resident of New Jersey.  *See id*. ¶ 7. Defendant Freight is a corporation domiciled in Arkansas.  *See id*. ¶ 8.  Further, plaintiff seeks more than $75,000 in damages exceeding the required amount in controversy for diversity jurisdiction.  *See id*. ¶ 11; *see also* Not. of Removal, Ex. A; 28 U.S.C. § 1332(a).

The parties dispute, however, whether defendants timely removed this action under 28 U.S.C. § 1446.  The relevant portion of 28 U.S.C. § 1446 provides as follows:

> (b) Requirements; generally.  (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b).

The Supreme Court, interpreting 28 U.S.C. § 1446(b), has clarified that the 30-day removal period under 28 U.S.C. § 1446 "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from

service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999). "Thus, *proper service* is a prerequisite to the commencement of the limitations period." *Kim v. Bonin*, No. 04-CV-4461-NG-RML, 2005 WL 1105245, at \*2 (E.D.N.Y. May 10, 2005) (internal quotations and citations omitted) (emphasis added). The Supreme Court made clear that "defendant is not subject to the court's authority *unless properly served with process*." *Murphy*, 526 U.S. at 347 (internal quotations and citations omitted) (emphasis added). "Service of process," the Court in *Murphy* says, "is fundamental to any procedural imposition on a named defendant." 526 U.S. at 350. The Court acknowledges that a defendant may waive his or her right to service of process. *See* 526 U.S. at 350, 351.

Courts following *Murphy* have held that the removal period under 28 U.S.C. § 1446 commences once proper service has been effectuated under New York state law. *See Samanich*, 2021 WL 2856634, at \*2 ("Defendant was *not properly served with process under New York State law*" and "accordingly, here, the removal period clock has not yet started to run") (emphasis added); *Williams v. Connell*, No. 12-CV-3593-SLT-VVP, 2017 WL 2829686, at \*4 (E.D.N.Y. June 29, 2017) ("It is by now black-letter law that state law determines whether service is complete for the purposes of section 1446"); *Kim*, 2005 WL 1105245, at \*2 (holding that proper service under VTL § 253 is required to trigger the 30-day removal period). Where, as here, there are multiple defendants, the removal period is triggered only when the last defendant is properly served. *See* 28 U.S.C. § 1446(b); *see also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64 (2d Cir. 2012) ("[T]he only reasonable reading of § 1446(b) is that the subsection applies individually to *each* notice of removal that might potentially be filed by *each* removing defendant") (internal quotations omitted) (emphasis in original); *Ingenito v. Riri USA, Inc.,* No.

6

11-CV-2569-CBA, 2011 WL 4056078, at *2 (E.D.N.Y. Aug. 9, 2011), *report and recommendation adopted by* No. 11-CV-2569-CBA-RLM, 2011 WL 4056116 (E.D.N.Y. Sept. 12, 2011).

Here, the parties agree that VTL § 253 governs plaintiff's service of process obligations as it relates defendant Roig, an out-of-state resident. *See* Defs. Opp. at 4-5. The parties do not challenge service of process on the corporate defendant.

VTL § 253(2) sets forth a three-step process for serving a summons and complaint on a non-resident, like defendant Roig, who operates a vehicle in New York. *See* VTL § 253. First, plaintiff shall serve the summons by mailing or personally delivering a copy of the complaint and summons to the Secretary of State in Albany or at an established office in New York state. *See id*. Once the Secretary of State has been served, plaintiff must send the notice to the nonresident defendant by certified or registered mail. *See id*. Plaintiff then must file with the clerk of the court an affidavit of compliance, a copy of the summons and complaint and "proof of receipt, return, or refusal." Defs. Opp. at 4-5. VTL § 253(2) makes clear that "*[s]ervice of process shall be complete* when such papers are filed." VTL § 253(2) (emphasis added).

Here, the parties do not dispute that plaintiff complied with the first two steps of VTL § 253(2) by serving both the Secretary of State and mailing notice to the corporate defendant and defendant Roig. *See* Remand Mot. at 4; Defs. Opp. at 3. Further, the parties do not dispute that plaintiff failed to comply with the third step by neglecting to file an "affidavit of compliance" with "proof of receipt, return or refusal" with the state court clerk (hereafter referred to as "proof of receipt"). *See* VTL § 253(2); Pl. Reply at 4; Defs. Opp. at 5.

The issue before this Court is whether filing proof of receipt, as required by the VTL § 253, is necessary to trigger the 30-day period for removal under 28 U.S.C. § 1446. This Court

first must determine whether filing of the proof of receipt is necessary for proper service under VTL § 253.

Courts in New York "have held that service of process that does not comply with the authorized statutory methods is deficient even if the defendant learns that the action is pending." *Samanich*, 2021 WL 2856634, at \*5 (quoting *Scully v. Chase Bank USA, NA*, No. 16-CV-325-NGG-RML, 2016 WL 2977270, at \*2 (E.D.N.Y. May 20, 2016)); *see also Brand N.A. Lab LLC v. One Styling LLC,* 129 N.Y.S.3d 268, 2020 WL 4005762, at \*1 (N.Y. Sup. Ct. July 14, 2020) ("The absence of proper service under the CPLR deprives this court of personal jurisdiction, whether or not [the defendant] ultimately received actual notice of plaintiff's action."); *George Doulaveris & Son, Inc. v. P.J. 37 Food Corp.*, 961 N.Y.S.2d 722, 724 (App. Term 2013) ("When a statute requires multiple acts to effectuate service (*i.e.*, delivery to a person of suitable age and discretion and mailing), the omission of any required act renders the service defective.  It is of no import that [the party] may have actually received the notice of petition."); *Pope v. Rice,* No. 04-CV-4171-DLC, 2005 WL 613085, at \*15 (S.D.N.Y. Mar. 14, 2005) (dismissing all claims against one defendant because "failure to file proof of service [under a parallel New York statute for service, CPLR § 308] is a jurisdictional defect"); *Macchia v. Russo*, 67 N.Y.2d 592, 595 (1986) ("Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court").  While some courts permit plaintiffs to remedy defects in service, courts agree that failure to file proof of service is still a "'defect' needing a cure." *See Stop & Shop Supermarket Co. LLC v. Goldsmith*, No. 10-CV-3052-KMK, 2011 WL 1236121, at \*5 (S.D.N.Y. Mar. 31, 2011) (collecting cases).[2]

---

[2] Courts have permitted plaintiffs to later cure challenges to improper service under New York state law by filing proof of service *nunc pro tunc*.  *See Hall v. Bray*, 86 N.Y.S.3d 393, 398 (N.Y. Sup. Ct. 2018) (denying defendant's summary judgment motion to dismiss the complaint on the

Here, it is undisputed that plaintiff failed to file "proof of receipt" with the state court clerk and failed to comply with the requirements of VTL § 253. As a result, this Court finds that plaintiff failed to effectuate proper service on defendant Roig prior to September 10, 2020. Recognizing that service on defendant Roig may have been deficient -- a "defect needing a cure" -- plaintiff entered into the September 10 Stipulation whereby defendants agreed to waive jurisdictional defenses (*i.e.*, challenges to defective service on defendant Roig). *See Stop & Shop*, 2011 WL 1236121, at *5. Defendants' agreement to waive jurisdictional defenses and waive service of process on behalf of defendant Roig obviated the need for plaintiff to "cure" his deficient service on defendant Roig. *See Murphy,* 526 U.S. at 350, 351 (defendant may waive service of process); *Kim*, 2005 WL 1105245, at *3 (discussing the requirements for waiving service under VTL § 253); *see, e.g., Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, No. 02-cv-6438-SAS, 2002 WL 31509881, at *3 (S.D.N.Y. Nov. 6, 2002) (discussing the requirements for waiving service under CPLR § 308). This Court recognizes that parties can waive service of process and finds that service was complete as to defendant Roig as of September 10, 2020 when the parties entered into the September 10 Stipulation.

This Court rejects plaintiff's argument that the Court should deem defendant Roig served as of August 18, 2020 when defendant Roig received the summons and complaint, Pl. Reply at 5, instead of September 10, 2020 when defendants agreed to waive jurisdictional defenses.

---

grounds that plaintiff failed to effect proper service under VTL § 253 by not filing proof of receipt); *Winfield v. C & C Trucking*, No. 02-cv-7688-SAS, 2003 WL 21749610, at *3 (S.D.N.Y. July 29, 2003) (granting plaintiff leave to file signed return receipt cards for the two defendants who had actual notice to avoid dismissing the lawsuit); *Bell v. Bell*, 668 N.Y.S.2d 177, 178 (1998) ("[F]ailure to timely file the affidavit of service, late in this case by eight days, was an irregularity that was properly cured by deeming it filed nunc pro tunc"); *Paracha v. Cty. of Nassau*, 643 N.Y.S.2d 637, 638 (1996) (granting the plaintiff leave to file proof of service after the expiration of the 20-day filing period in CPLR § 308).

Plaintiff's argument is unavailing in light of *Murphy* and its progeny finding notice of an action insufficient where parties fail to comply with service of process requirements. *See Murphy*, 526 U.S. at 356 (rejecting the "receipt rule," which would "[start] the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service."); *Samanich*, 2021 WL 2856634, at *2 (holding that, even though the defendant received a copy of the initial pleading, plaintiff had failed to file proof of service in state court and thus the 30-day removal period had not begun); *Kim*, 2005 WL 1105245, at *2 ("Such service was not properly completed until [the date the affidavit of service was filed in state court], even though [the defendant] received the complaint through its counsel at an earlier date."); *Stop & Shop*, 2011 WL 1236121, at *3 (holding, under CPLR § 308, filing proof of service is necessary to trigger a defendant's time to respond to a lawsuit).[3]

The Court further rejects plaintiff's argument that defendant Roig's decision to waive challenges to improper service in the September 10 Stipulation makes the effective date of service retroactive to August 18, 2020, when Roig received the summons and complaint. *See* Remand Mot. at 4-5; Pl. Reply at 5. Plaintiff cites no case law, nor provides any reason for this Court to conclude that the date defendant Roig received the summons and complaint triggers the 30-day removal period -- as opposed to the date Roig agreed to waive service on September 10.

---

[3] This Court is mindful that in *Rodriguez v. Smith*, No. 16-CV-107, 2016 WL 4249832 (E.D.N.Y. Mar. 18, 2016), the Court noted that the failure to file the proof of receipt under VTL § 253 with the Kings County Clerk's office did "not, without more, render service incomplete as a matter of federal law nor delay the commencement of the 30-day removal period." *Id*. at *3. The parties in *Rodriguez* further disputed the date service was effectuated on defendant. Unlike in *Rodriguez*, here, the parties entered into the September 10 Stipulation whereby defendants agreed to waive service on defendant Roig. However, as discussed above, the waiver of service does not somehow constitute an acknowledgment by defendant Roig that the operative date for triggering the 30-day removal period is retroactive to the date defendant Roig received the summons and complaint.

Even courts that have permitted plaintiff to cure deficiencies in service have required *complete service* to trigger the time the defendant has to answer or remove, absent waiver. *See U.S. Bank Nat'l Ass'n v. Thi Van Tran*, 110 N.Y.S.3d 532, 535 (N.Y. Dist. Ct. 2019) ("The filing of the proof of service does have an important (but non-jurisdictional) consequence: it pertains to the time within which a defendant must answer or move against the complaint.").

This Court next turns to the timeliness of defendants' removal. For purposes of determining timeliness under 28 U.S.C. § 1446, "requiring *complete service pursuant to strict compliance with state procedural rules*," aligns with the Supreme Court's rationale in *Murphy* that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Creative Kids Far E. Inc. v. Griffin*, No. 15-CV-06027 (NSR), 2016 WL 8710479, at *3 (S.D.N.Y. Jan. 22, 2016) (citing *Murphy*, 526 U.S. at 350). "[T]he 30-day period for removal cannot begin to run until defendant is an official party to the proceeding and has an obligation to respond to the action, *which only occurs after strict compliance with state procedural service rules*." *Creative Kids*, 2016 WL 8710479, at *3 (citing *Murphy*, 526 U.S. at 350); *see also Stop & Shop*, 2011 WL 1236121, at *5 (holding that strict compliance with requirements that proof of service be timely filed is necessary before service is "complete" and a court may exercise power over a defendant).

While "agreements between parties cannot extend § 1446(b)'s 30-day time limitation," *Nicola Prod. Corp. v. Showart Kitchens, Inc.*, 682 F. Supp. 171, 173 (E.D.N.Y. 1988), "a waiver of formal service of process could satisfy the prerequisite set forth in *Murphy Brothers*." *Kim*, 2005 WL 1105245, at *2; *see also Murphy*, 526 U.S. at 350-51. Here, as noted above, service on defendant Roig was not complete until the parties entered into the September 10 Stipulation

when defendants waived any challenges to defective service on defendant Roig.  There is no evidence, nor does plaintiff argue, that defendant Roig waived service at any time prior to September 10, 2020.

Because both parties agree that defendants waived proper service in the September 10 Stipulation, the Court concludes that service on defendant Roig was properly completed for purposes of 28 U.S.C. § 1446 as of September 10, 2020.  Eleven days later, on September 21, 2020, defendants timely removed this action within the 30-day deadline for removing cases.

### Conclusion

For the reasons stated above, this Court respectfully recommends that plaintiff's motion for remand be denied as defendants timely removed this action under 28 U.S.C. § 1446.

Any objections to the recommendations made in this Report must be filed with the Honorable Eric R. Komitee within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 28, 2021**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated:  Brooklyn, New York
        September 14, 2021

                                    s/ James R. Cho
                                    James R. Cho
                                    United States Magistrate Judge