```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

STEVEN A. PETERKIN,

                    Plaintiff,                  ORDER
                                            20-CV-4439(EK)(JRC)
          -against-

FEDEX FREIGHT, INC., FEDEX FREIGHT
CORPORATION, and KEVIN ROIG,

                    Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

    Plaintiff Steven Peterkin sued Defendants Kevin Roig and FedEx Freight, Inc. ("FedEx")[1] in Kings County Supreme Court for damages arising from a car accident.  Defendants removed the case to federal court; Plaintiff now moves for remand on the ground that the removal was untimely.  In a Report and Recommendation, Magistrate Judge Cho recommends that I deny the remand motion.  Neither party filed objections to the R&R.  For the reasons explained below, I adopt the R&R in its entirety.

### I. Standard of Review

    Neither party objected to the R&R and the time for doing so has passed.  Accordingly, I apply a "clear error" standard of review.  *See* Advisory Comm. Notes to Fed. R. Civ. P.

---

[1] Plaintiff actually named two corporations in the caption: Fedex Freight, Inc. and Fedex Freight Corp.  Defendants state that the "Corp." defendant was sued improperly.  The R&R advises that the "Court need not address" this issue for purposes of the instant motion, and I concur.

1

72(b); *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013). Clear error is present only when, after reviewing the record as a whole, the court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

In applying this standard, courts in this Circuit consider whether the R&R commits clear error of either fact or law. *See, e.g.*, *Alfonso v. Mantuscello*, No. 16-CV-9399, 2017 WL 2438029, at *1 (S.D.N.Y. June 5, 2017) (reviewing R&R filed without objection for "clear error of law"); *1077 Madison St., LLC v. Smith*, No. 13-CV-7182, 2015 WL 5793427, at *5 (E.D.N.Y. Sept. 30, 2015) (same).

## II. Legal Standard Under 28 U.S.C. § 1446

Under 28 U.S.C. § 1446(b)(1), a removing defendant must file the notice of removal:

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The Supreme Court has held that the making of "formal service" is required to start the thirty-day clock; "mere receipt of the complaint" is not, by itself, enough. *Murphy*

*Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Kim v. Bonin*, No. 04-CV-4461, 2005 WL 1105245, at *2 (E.D.N.Y. May 10, 2005) (holding that "*proper* service is a prerequisite to the commencement" of the thirty-day clock) (emphasis added)).

As the R&R explains, the question of whether Defendants' removal was timely turns on when *Murphy*'s service requirement was satisfied. Service in this case was governed by New York's Vehicle and Traffic Law ("VTL") § 253. That provision requires a plaintiff to employ certain *methods* of service (*e.g.*, personal delivery, various methods of mailing) and also to file *proof* of service in the form of an "affidavit of compliance."

Plaintiff contends he effectuated proper service by serving the New York Secretary of State with the summons and complaint, and then mailing the documents to Roig's last known address — an approved method under Section 253. He argues that service was complete, and the thirty-day period began to run, no later than August 18 (when Roig received the mailing). (All dates refer to 2020.) Defendants, in contrast, argue that Plaintiff *never* properly completed service here, because service under Section 253 is complete only when the affidavit of compliance is filed (which Plaintiff never did). Therefore, according to the Defendants, the clock only started running on

3

September 10, when the Defendants agreed to waive proper service. If Plaintiff is correct, removal was untimely; if Defendants are correct, the case was properly removed.

The R&R adopted Defendants' position and identified September 10 as the start of the thirty-day clock. In reaching this conclusion, Judge Cho noted that district courts have rendered opinions supporting both parties' positions.

In *Rodriguez v. Smith*, No. 16-CV-0107, 2016 WL 4249832 (E.D.N.Y. 2016), for example, the defendants claimed that their removal was timely, contending — like Defendants here — that service of process had never been completed "because plaintiff failed to file the return receipts or other proof of delivery" under VTL Section 253. *Id.* at *2. Thus, they argued, the thirty-day clock had never started, let alone expired. Judge Mann rejected this argument:

> Here, plaintiff's summons and complaint were personally served upon defendant Smith's statutory agent, the Secretary of State in Albany, following which the documents were sent by certified mail with a request for return receipt to Smith's last known address. The alleged failure to file the return receipts with the Kings County Clerk's office does not, without more, render service incomplete as a matter of federal law nor delay the commencement of the 30-day removal period.

*Id.* at *3. The *Rodriguez* opinion cited *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177 (S.D.N.Y. 2003), where the district court rejected the argument that service had

4

not been perfected under New York state law at the time of removal: "Federal court jurisdiction is not dependent on the technicality of New York state procedure requiring ten days after filing proof of service for service to be deemed complete." *Id.* at 181 (cleaned up). The results reached by these courts do seem consistent with Section 1446's emphasis on the date of "receipt by the defendant" of the pleadings (so long as formal service has occurred, per *Murphy*), rather than the perfection of service.

But several courts have gone the other way. In *Kim*, the court held that the removal clock started only when the plaintiff filed the affidavit of service under VTL Section 253, rather than when the plaintiff mailed the summons and complaint and served the Secretary of State. 2005 WL 1105245, at *2. Another district court reached a similar conclusion in *Stop & Shop Supermarket Co. LLC v. Goldsmith*, holding that the removal clock never started because the plaintiff never filed proof of service after mailing the summons and complaint. No. 10-CV-3052, 2011 WL 1236121, at *5-*6 (S.D.N.Y. Mar. 31, 2011). In the process, the *Stop & Shop* court noted the split: "The law is unsettled as to whether federal jurisdiction is affected by New

5

York's requirement of that proof of service be filed, and ten days pass, before service is 'complete.'" *Id.* at 3.[2]

Given this split, and the fact that the Second Circuit has not spoken to the issue, I need not delve too deeply into the merits.[3] I conclude that the R&R is not the product of "clear error," and accordingly adopt its conclusion. *See, e.g.*, *Li Ping Fu v. Pop Art Int'l, Inc.*, No. 10-CV-8562, 2011 WL 6092309, at *1 (S.D.N.Y. Dec. 7, 2011) (R&R's conclusion was not the product of clear error, where district courts were split on the legal question at issue); *see also Bowie v. Woodruff*, No. 9:18-CV-0266, 2019 WL 5445519, at *1 (N.D.N.Y. Oct. 23, 2019) ("[C]onsidering the intra-Circuit split on this issue, the Court cannot say that the magistrate judge's determination here rises to the level of clear error.").

---

[2] *Stop & Shop* and *Stan Winston Creatures* both dealt with service under Section 308(2) of New York's Civil Practice Law and Rules ("CPLR"), which provides that service is "complete" ten days after the filing of "proof of service" by an authorized method. But the point is the same under the CPLR and the VTL: courts are divided on whether compliance with New York's "technical" proof-of-service requirements is necessary to trigger the thirty-day removal clock under Section 1446(b)(1). *Compare Stan Winston Creatures, Inc.*, 314 F. Supp. at 181 (asserting that "[f]ederal court jurisdiction is not dependent on the technicality of New York state procedure" concerning proof of service) *with Stop & Shop*, 2011 WL 1236121, at *6 ("[T]he proof of service requirement is no mere technicality but rather an assurance that the other requirements of [CPLR Section 308(2)], delivery and mailing, have been satisfied.").

[3] There is no question that federal diversity jurisdiction exists here. The motion to remand is based solely on whether Defendants complied with the statutory requirements for removal. Because this question does not implicate the Court's subject-matter jurisdiction, I have no occasion to review the motion anew on that basis either. *See Agyin v. Razmzan*, 986 F. 3d 168, 182 (2d Cir. 2021) ("The thirty-day time limitation is merely a formal and modal requirement and is not jurisdictional." (cleaned up)).

6

## IV. Conclusion

Finding no clear error of law or fact, I adopt the R&R in its entirety.  Plaintiff's motion to remand is denied.

SO ORDERED.

                                                   /s/ Eric Komitee
                                                 ERIC KOMITEE
                                                 United States District Judge

Dated:    October 4, 2021
            Brooklyn, New York